Accordingly, the judgment of the District Court is reversed.

**Paul COUSINO, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 81–1302.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs May 24, 1982.

Decided May 26, 1982.

Paul W. Cousino, pro se.

John F. Murray, Michael L. Paup, Richard Farber, James Miller, Tax Division, Dept. of Justice, Washington, D. C., for respondent-appellee.

Before KENNEDY and CONTIE, Circuit Judges, and TAYLOR,* District Judge.

ORDER

This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

■ The petitioner has wholly failed to present any arguable support for his claim that his expenses incurred for maintaining or operating his home office are deductible under the circumstances of this case. As a junior high school teacher, the petitioner is required to spend in excess of seven hours a day at the school. He has his own classroom and he has access to an office equipped with a telephone. Given these uncontroverted facts, it is apparent that the petitioner is not entitled to a deduction under 26 U.S.C. § 280A(c)(1)(A), (B) or (C) because petitioner has not established that he uses the home office for the convenience of the school. Primarily relying on § 280A(c)(1)(B) on appeal as authorization for the deduction of his home office expenses, petitioner argues that his students use the home office as he grades their pa-

---

* The Honorable Robert L. Taylor, Judge, U. S. District Court for the Eastern District of Tennessee, sitting by designation.

pers, prepares their lessons and talks to their parents on the telephone from the home office. Petitioner, however, has failed to allege that any of his students or their parents have ever visited his home office for any sort of meeting or for any dealings with himself in the normal course of his business as a junior high school teacher. Petitioner's argument is simply contradicted by common logic and is unsupported by any case law authority.

Petitioner's claim for the deduction of expenses incurred for his work in his home office as a trustee is also frivolous because he did not receive any income for his services as a trustee. Although the term "trade" or "business" includes the performance of the functions of public office under 26 U.S.C. § 7701(26), the amount of a qualified deduction for the use of a home office is limited to the extent that gross income derived from that use exceeds the deductions which are allowable regardless of whether the home was used for business purposes. 26 U.S.C. § 280A(c)(5). Since the petitioner admits that he did not derive any income from the services he performed as a trustee, his deduction is equal to zero. *Druker v. Commissioner*, 77 U.S.T.C. 867, 874 (1981); *Gestrich v. Commissioner*, 74 U.S.T.C. 525, 530 (1980). There is also no logic or reason to accept petitioner's salary received as a teacher as income which he also received for his services rendered as a trustee.

It is, accordingly, ORDERED that the Tax Court's judgment dismissing petitioner's suit seeking a redetermination of his income taxes be and hereby is affirmed pursuant to Rule 9(d)3, Rules of the Sixth Circuit, because the questions on which the cause depends are so unsubstantial as not to need further argument.