**John W. and Regina R.Z. GREEN,**
Appellees,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

No. 82–7518.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 1983.

Decided May 31, 1983.

John W. Green, in pro. per.

Jonathan S. Cohen, Dept. of Justice, Washington, D.C., for appellant.

Before WRIGHT and WALLACE, Circuit Judges, and KING, Chief District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

Query: Is a taxpayer entitled to a "home office deduction" for a room he uses exclusively for telephone calls from clients? A divided Tax Court allowed such a deduction. We reverse.

FACTS

The facts are not disputed. As an account executive for Dillingham Land Corporation, Green was responsible for the management of seven condominiums. He supervised resident managers and answered to each condominium's board of directors. He dealt weekly with about 49 persons.

Green spent about 20 percent of his 8-hour workday in the office provided by Dillingham. The secretary there did his typing and took telephone messages. The rest of his day was in the "field."

Dillingham required Green to be available for telephone calls from clients who could not reach him during regular office hours. He averaged two hours or more on the telephone each night talking to managers, board members, and others associated with the condominium business.

Green converted a bedroom into an office. There he kept files relating to condominium matters and a telephone used strictly for incoming calls from clients. Clients rarely visited him there.

Green declared an $840 deduction on his tax return for the expense of maintaining his home office. The IRS disallowed it, Green appealed to the Tax Court, and in an 8 to 7 decision, that court allowed the deduction.

DISCUSSION

■ We are concerned here with a deduction for residential space set aside for business use. Typically, the deduction will be the share of depreciation or rent, maintenance, utility, and insurance expense allocable to the use of this space. H.R.Rep. No. 658, 94th Cong., 2d Sess. 157, *reprinted in* 1976 U.S.Code Cong. & Ad.News 2897, 3050 ("House Report"). The IRS does not challenge the amounts Green allocated to the use of his home office, but argues instead that section 280A precludes the deduction entirely.

■ When interpreting a statute, we need not go beyond its language unless it is ambiguous or rendered so by other statutory language in conflict with it. *Escondido Mutual Water Co. v. Federal Energy Regulatory Commission,* 692 F.2d 1223, 1234 (9th Cir.1982). If ambiguity exists, we examine the legislative history to determine Congress's intent. *Commodity Futures Trading Commission v. Co Petro Marketing Group, Inc.,* 680 F.2d 573, 577 (9th Cir.1982). We strive to interpret language in one section of a statute consistently with the language of other sections and the statute as a whole. *Adams v. Howerton,* 673 F.2d 1036, 1040 (9th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 3494, 73 L.Ed.2d 1373 (1982).

* Of the District of Hawaii.

I. *The Plain Language of the Statute*

■ Part (a) of section 280A establishes the presumption that no deduction will be allowed with respect to business use of a dwelling unit used also as a residence. A taxpayer qualifies for a deduction only by meeting one of three exceptions, including the one at issue here:

(c)(1) . . . Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis—. . .

(B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, . . .

In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer.

26 U.S.C. § 280A(c)(1).[1]

The IRS acknowledges that Green's employer required him to receive telephone calls at night, and that Green regularly and exclusively used the room for business. It disputes that telephone calls from clients constituted use by clients of a room in Green's home.

Green's use of the room is not enough. The plain language of the statute requires that the office be *used by clients* as a place of business for meeting or dealing with the taxpayer. Ordinarily, one cannot use a room unless one has physical contact with it. We think the majority of the Tax Court waxed somewhat metaphysical when it decided that clients who called Green on the phone were using the room in which the phone was located.

The majority of that court argued that Congress could have limited the deduction explicitly to in-person contact. It asserted that if "meeting" connotes a personal appearance by the client, "dealing" must connote something else, such as telephone contact. It argued that the IRS's interpretation renders "dealing" surplus language.

We find no evidence that "dealing" was a veiled reference to phone contact, nor do we consider the language surplusage. The IRS points out that "dealing" might connote personal contact through which a deal is arranged, while "meeting" would apply to contact that does not have a business deal as its goal. Alternatively, the IRS suggests that "dealing" could refer to clients' meeting with the taxpayer's employee or agent, while "meeting" could refer to personal contact with the taxpayer. Either interpretation is plausible.

The only circuit court to consider the question has disallowed the deduction. In

1. The relevant portions of section 280A(a) and (c) provide:

§ 280A. Disallowance of certain expenses in connection with business use of home, rental of vacation homes, etc.

(a) General rule.—Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an electing small business corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.

. . . .

(c) Exceptions for certain business or rental use; limitation on deductions for such use.—
(1) Certain business use.—Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis—
(A) the principal place of business for any trade or business of the taxpayer.

(B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or
(C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business.
In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer.
(2) Certain storage use.—Subsection (a) shall not apply to any item to the extent such item is allocable to space within the dwelling unit which is used on a regular basis as a storage unit for the inventory of the taxpayer held for use in the taxpayer's trade or business of selling products at retail or wholesale, but only if the dwelling unit is the sole fixed location of such trade or business.

. . . .

26 U.S.C. § 280A(a), (c).

*Cousino v. Commissioner,* 679 F.2d 604 (6th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 451, 74 L.Ed.2d 605 (1982), the court denied a home office deduction to a teacher who graded papers and called parents from an area set aside in his trailer home. The court ruled that the taxpayer had not shown use of the area in his home because he had not alleged that any students or parents visited him at his "home office." 679 F.2d at 605.

The plain language of the statute suggests that the deduction should apply only to home offices visited by the taxpayer's clients. Because the question has divided the Tax Court, however, we shall examine the legislative history and the other sections of the statute.

## II. *Legislative History*

Congress enacted section 280A to resolve a dispute between the IRS and the Tax Court over home office deductions. Before that enactment, the only limitation on home office deductions was established by section 162(a), which allows deductions for all "ordinary and necessary" business expenses. 26 U.S.C. § 162(a).

The Tax Court adopted a policy of allowing deductions if the home office was "appropriate and helpful." House Report at 157. The IRS advocated that deductions be allowed only if the office was required by the employer. *Id.*

Congress decided that "appropriate and helpful" was too subjective a standard. It expressed concern that taxpayers who experienced "minor incremental expenses" could claim deductions, and that some could deduct personal expenses under the guise of business use of the home. *Id.* at 160.

In enacting section 280A, Congress demonstrated that it was not concerned solely with the need or usefulness of a home office. Instead, it intended that deductions correspond to business use of the home resulting in substantial expense to the taxpayer. *Id.*

We conclude that Congress intended section 280A(c)(1)(B) to apply to offices actual-

ly visited by taxpayer clients. It is far more likely that a taxpayer who expects regular client visits will sustain expenses in making the home suitable for business use. Green, on the other hand, has never asserted that he sustained major expense in setting aside a room for phone calls. Allowing a deduction here would ignore Congress's goal of tying deductions to expenses.

The other sections that allow deductions support the idea that Congress sought to tie deductions to taxpayer expense. Section 280A(c)(1)(A) allows a deduction if part of a home is used as the principal place of a taxpayer's business. Section 280A(c)(1)(C) provides a deduction for an unattached structure that is used exclusively and regularly for business purposes.

We trace in both sections the notion that deductions will be allowed when a taxpayer is likely to have incurred substantial expense in converting part of a home into a place of business. A taxpayer who constructs a separate structure for business use is likely to incur substantial expense and less likely to use that space for personal matters.

Similarly, a taxpayer who must use the home as the principal place of business is more likely to make changes and incur the expense necessary to using the home as a business. Green's interpretation of section 280A(c)(1)(B), allowing a deduction for the room in which a phone is located, is inconsistent with these sections.

Finally, we note that if we accept the interpretation offered by Green and the Tax Court majority, the IRS would face an impossible task of policing home office deductions. Any sales or service person may be available for business calls at home and could claim a deduction by labeling space as a telephone room. The IRS would be hard put to detect those who made personal use of such business space. It is less likely that a taxpayer who must make a room suitable for client visits would also be able to use it personally.

The decision of the Tax Court is reversed. Green's deduction for a home office is disallowed.