LINDA FRANK HARRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ROBERT WAYNE HARRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket Nos. 4512-82, 4513-82.
United States Tax Court
T.C. Memo 1983-494; 1983 Tax Ct. Memo LEXIS 290; 46 T.C.M. (CCH) 1130; T.C.M. (RIA) 83494; August 17, 1983. Linda Frank Harris, for the petitioners. Frank C. McClanahan, III, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: In these consolidated cases, respondent determined a $749.40 deficiency in petitioners' 1978 Federal income tax. After concessions *292 by the parties, the issues for decision are (1) whether petitioners are entitled to a home-office deduction in the amount of $985.88 under section 280A; [1] and (2) whether certain educational expenses and professional dues totaling $572 allowed by respondent are deductible from gross income, as contended by petitioners, or only from adjusted gross income, as contended by respondent. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulations of fact and attached exhibits are incorporated herein by this reference. Linda Frank Harris (hereinafter "Linda") and Robert Wayne Harris, husband and wife (hereinafter collectively *293 referred to as "petitioners"), resided in Wendell, North Carolina at the time the petitions were filed in these cases. The petitioners timely filed a joint income tax return for the taxable year 1978 with the Director of the Southeast Regional Service Center at Memphis, Tennessee. During 1978, the Wake County Public School system employed Linda as a full-time chemistry teacher at Millbrook Senior High School (hereinafter "Millbrook"). Linda was also enrolled in college courses during 1978 which required her to attend classes four nights per week. Petitioners resided in a split-level house until mid-April of 1978, and thereafter, for the rest of the year, they resided in an apartment. [3]
In both the apartment and the house, Linda used one room as her office. In the house, Linda used the largest room for her office; and in *294 the apartment, she used one of the otherwise unused bedrooms for her office. These offices contained a desk, file cabinets, a typewriter, a calculator, and a telephone. The telephone was not a separate line, but rather was an extension phone to petitioners' single outside line. Additionally, petitioners stored their tax records in these offices. In both locations each office was part of petitioners' residence and not a separate structure. Linda used the offices for various activities related to her employment as a teacher at Millbrook, including preparing lessons and grading papers and exams. Additionally, Linda used each office as a place for studying for the college classes in which she was enrolled. Linda used the offices for these activities on a nightly basis. Millbrook, Linda's employer, normally remained open until 4:30 p.m. each day to allow teachers to work in their classrooms. After 4:30, the school buildings were normally closed but would remain open longer at the specific request of a teacher. Petitioners claimed $985.88 as a home-office expense on their 1978 Federal income tax return. Respondent has disallowed this deduction in full. During 1978, Linda *295 paid $572 as educational expenses and professional dues, including $350 for books and supplies, $122 for tuition and $100 for professional dues.Linda was not reimbursed for these expenses by her employer.Petitioners claimed these deductions on line 23 of their 1978 Federal tax return as adjustments to gross income. Respondent, while agreeing that petitioners are entitled to these deductions, determined that such deductions are allowable only as miscellaneous expense deductions from adjusted gross income. [4]
OPINION 1. Petitioners' Home-Office Expense Deduction Under Section 280A.
Petitioners claim they are entitled to a deduction pursuant to section 280A for home-office expenses totaling $985.88. [5] Congress enacted section 280A to provide "definitive rules relating to deductions for expenses attributable to the business use of homes." S. Rept. 94-1236 (Conf) (1976), 1976-3 C.B. (Vol. 3) 807, 839. See also, H. Rept. 94-658 (1976), 1976-3 C.B. (Vol. 2) 695, 852; *296 S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 185. Section 280A generally disallows a business expense deduction with respect to the business use of a home or residence. Section 280A(a). The exceptions to this general rule are set out in section 280A(c)(1) which, as applicable for the year in issue, [6] provides in relevant part as follows: (1) CERTAIN BUSINESS USE. -- Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis -- (A) [as] the principal place of business for any trade or business of the taxpayer, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or * * * In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. *297 Petitioners have the burden of proving that one of the exceptions to the general rule disallowing deductions for home office expenses applies in this case. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners have not alleged or shown that petitioner Robert Harris used the offices to any extent. Nor have petitioners alleged or shown that the offices were used by patients, clients, or customers in the normal course of Linda's business. Section 280A(c)(1)(B) therefore has no application to this case. Cf. Green v. Commissioner,707 F.2d 404 (9th Cir. 1983), revg. 78 T.C. 428 (1982). It necessarily follows that petitioners can prevail only if they have demonstrated that Linda exclusively and regularly used the offices as her principal place of a trade or business within the intendment of section 280A(c)(1)(A). Additionally, since Linda was an employee, and further since Linda has not alleged or shown that she conducted any other trade or business, petitioners must also demonstrate that Linda's use of the office was for the convenience of her employer. Section 280A(c)(1) (last sentence); Cousino v. Commissioner,679 F.2d 604 (6th Cir. 1982), *298 cert. denied 459 U.S.    , 103 S. Ct. 451, 74 L.Ed.2d 605 (Nov. 29, 1982). Initially, petitioners have failed to demonstrate that Linda used the offices as her principal place of business. A taxpayer can have only one "principal place of business" for each business in which the taxpayer is engaged. Drucker v. Commissioner,79 T.C. 605 (1982) (on appeal 2d Cir.). In determining the situs of that singular principal place of business we must ascertain the "focal point" of the taxpayer's business activities. Jackson v. Commissioner,76 T.C. 696, 700 (1981); Baie v. Commissioner,74 T.C. 105, 109 (1980). Although petitioner testified that she used the offices on a nightly basis to prepare lessons and grade papers for her classes, and although her use of these offices may have been helpful in her profession, these facts do not lead us to conclude that the offices were the focal point of Linda's teaching activities. Linda was employed as a full-time chemistry teacher and we must assume that she spent the majority of her time discharging her teaching duties at the school that employed her, nothing appearing to the *299 contrary in the record.As with other cases involving teachers, we must therefore conclude that Linda's principal place of business was her school and not either of her offices at home. See Cousino v. Commissioner,supra.[7]
Additionally, we note that, on this record, it is questionable that Linda used the offices exclusively for her teaching activities.In order to be exclusive, the home office must solely be used for business and not personal use. Weiner v. Commissioner,T.C. Memo. 1980-317. At trial, Linda testified that she used her home office to do paperwork and to study for her college classes, without revealing how the classes specifically related to her job as a teacher. Moreover, Linda testified that petitioners used the office to store tax returns. *300 These facts indicate that petitioner did not exclusively use the offices for her teaching activities. Finally, petitioners have failed to establish that the use of either home office was for the convenience of Linda's employer. Hynes v. Commissioner,74 T.C. 1266 (1980), appeal dismissed (1st Cir. 1981); Besch v. Commissioner,T.C. Memo. 1982-15. We find no evidence that Linda was required to work at home. On the contrary, the evidence shows that the school was open until 4:30 p.m. each day, and that, upon special request, it would stay open longer. While Linda's office may have been appropriate and helpful to her, this standard is no longer sufficient to satisfy section 280A. Drucker v. Commissioner,supra;Weightman v. Commissioner,T.C. Memo. 1981-301. Thus, since petitioners have not satisfied the provisions of section 280A(c)(1), we must hold that section 280A prohibits petitioners' 1978 home-office expense deduction. 2. Petitioners' Education Expense and Professional Dues Deductions.
Petitioners contend that they are entitled to deduct educational expenses and professional dues totalling *301 $572 from gross income, in arriving at adjusted gross income. Respondent agrees that petitioners are entitled to deduct this amount, but maintains that this amount is deductible only from adjusted gross income in arriving at taxable income. Respondent is correct. Various sections of the Internal Revenue Code authorize deductions. Under the statutory scheme, some such deductions are allowable from gross income (i.e., "above the line"), while others are allowable only from adjusted gross income (i.e., "below the line"). With respect to individual taxpayers, section 62 identifies deductions, authorized elsewhere in the statute, which may be taken in arriving at adjusted gross income. Deductions not specifically identified in section 62 are deductible by individuals only from adjusted gross income as itemized deductions. Sections 63(b), 161. Section 62(2)(A) (relevant herein) provides that the trade or business expenses of an employee which are reimbursed by the employer may be deducted in arriving at adjusted gross income. All of the expenses in issue were incurred on behalf of Linda. Since Linda's trade or business consisted of performing services as an employee, petitioners *302 may claim these expenses as above-the-line deductions only if they qualify under section 62(2).Clearly, Linda's unreimbursed expenses do not fall within this category. Accordingly, Linda's expenses are deductible only from adjusted gross income as itemized deductions.Section 162(a); sections 1.162-5(a), 1.162-6, Income Tax Regs.; Thompson v. Commissioner,T.C. Memo. 1957-62. To reflect the foregoing, as well as those issues which the parties have conceded or settled, Decisions will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all references to rules are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
2. A third remaining issue - the amount of the allowable medical expense deduction under section 213 - is purely technical, and is controlled by the outcome of the first two issues, as well as the other issues no longer contested, because of the percentage limitations of section 213(a) and (b).↩
3. Apparently, petitioners owned the house they resided in during the early months of 1978 only until the end of February, 1978. They then sold the house to a third party and rented it back from the purchaser until they moved into the apartment in mid-April, 1978. They did not own this apartment at any time during 1978, but occupied it as lessees.↩
4. Resolution of this issue is important in the context of this case only because of the effect it will have on petitioners' computation of their medical expense deduction. See footnote 3, supra.↩
5. It is extremely unclear from the record how petitioners arrived at this total dollar figure. However, the validity of petitioners' method of calculation of this total dollar amount is rendered moot by our ultimate conclusion with respect to this issue, infra.↩
6. Sec. 280A was amended by Pub. L. 97-119 95 Stat. 1635, Dec. 29, 1981. Prior to amendment, subsection (c)(1)(A) read "(A) as the taxpayer's principal place of business." This amendment applies retroactively to tax years beginning after Dec. 31, 1975, except that, for tax years after Dec. 31, 1975, and before Jan. 1, 1980, the amendment applies "only to taxable years for which, on the date of the enactment of this Act, the making of a refund, or the assessment of a deficiency, was not barred by law or any rule of law." Pub. L. 97-119, sec. 113(e). The statute, as amended, is thus applicable herein.↩
7. See also, Storzer v. Commissioner,T.C. Memo. 1982-328; Taylor v. Commissioner,T.C. Memo. 1982-114; Weightman v. Commissioner,T.C. Memo. 1981-301; Strasser v. Commissioner,T.C. Memo. 1981-523; Chauls v. Commissioner,T.C. Memo. 1980-471; Kastin v. Commissioner,T.C. Memo. 1980-341↩.