ROLF STERNBERG AND FRANCES STERNBERG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sternberg v. Commissioner
Docket No. 15913-79.
United States Tax Court
T.C. Memo 1984-458; 1984 Tax Ct. Memo LEXIS 217; 48 T.C.M. (CCH) 965; T.C.M. (RIA) 84458; August 28, 1984. Rolf Sternberg and Frances Sternberg, pro se. Donna I. Epstein, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $348.83 in petitioners' 1976 Federal income tax. After concessions, the sole issue for decision is whether petitioners qualify for a home office deduction under section 280A. [1]
*218 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Rolf and Frances Sternberg, husband and wife, were residents of New York, New York, at the time of the filing of their petition herein. Petitioners timely filed their joint 1976 Federal income tax return with the office of the district director in Bronx, New York. The Sternbergs are both teachers. During 1976 petitioner Rolf Sternberg (hereinafter Rolf) was an associate professor of Geography and Urban Studies and director of the Latin American Studies Program at Montclair State College in New Jersey. Petitioner Frances Sternberg (hereinafter Frances) was a salaried teacher at the Ethical Culture School. Both Rolf and Frances were provided offices at their respective schools. Nevertheless, because Rolf's school office was insufficient to meet all of his professional needs, they thought it appropriate that an office be established in their apartment [2] for use by them both. [3]
*219 Rolf used his home office to do research and writing for professional publications, to prepare lectures and exams, to complete book orders for the college library, to grade papers and to work on the Latin American Studies Program. He also used it to do general research and to store his extensive book, journal, map and slide collections. Rolf and Frances established their home office because they felt they could not function adequately in their positions without it. Montclair State College, as with most colleges or universities, expects its faculty to gain renown in their respective fields in order to upgrade the image of the school. This is usually accomplished through research and the subsequent publication of findings. While Montclair State College expected its faculty to distinguish themselves, the office provided Rolf at the college was small and had to be shared by many faculty members. It therefore was inadequate to meet all of Rolf's needs. Rolf did use his office on campus to hold scheduled office hours in meeting with students, colleagues, and other individuals. He also met there with planners, publishers, and off-campus professionals. In addition, the campus *220 office was used as a point from which Rolf would go to teach classes and attend various faculty and committee meetings. The bulk of Rolf's administrative work and supervision of students in the Latin American Studies Program took place in the campus office. Rolf was a prolific writer and published many articles. However, he did not receive nor did he expect any income from these writings (other than through an increase in teaching salary that might accompany an attendant increase in stature among his peers). Frances's school made available to her two classrooms and a darkroom for use as an office during her workday. She used the home office to prepare for classes and do other school-related work that she did not have time to attend to during her workday. She also was a writer, but had no income from her writings in 1976, nor did she intend to receive any. OPINION The sole issue for decision is whether petitioners qualify for a home office deduction under section 280A. [4]
*221 Generally section 280A disallows deductions to individuals "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." Sec. 280A(a). Section 280A(c) provides exceptions, however, and allows deductions where a portion of a dwelling unit is used exclusively on a regular basis as the taxpayer's principal place of business. If the taxpayer is an employee, an added requirement under section 280A(c) is that the exclusive use of the home office must be for the convenience of the employer. Although petitioners were both writers, they admit that Rolf published only to enhance his position as a teacher and administrator, and that Frances did not receive, nor did she intend to receive, any income from her writing. Therefore, Rolf's and Frances's work as writers does not amount to a separate trade or business. See Gestrich v. Commissioner,74 T.C. 525 (1980), affd. without published opinion 681 F. 2d 805 (3d Cir. 1982); Warganz v. Commissioner,T.C. Memo. 1981-403, affd. without published opinion 696 F. 2d 987 (3d Cir. 1982). As a result, we need focus only on the question *222 of whether petitioners' home office was Rolf's principal place of business in his employment as a teacher. [5]
Respondent maintains that petitioners are not entitled to the claimed deductions because the home office either was not Rolf's principal place of business or was not established for the convenience of his employer. Respondent's determination is presumptively correct and petitioners bear the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111, 115 (1933). For the reasons set forth below, we agree with respondent. A taxpayer may have only one principal place of business for each business in which he is engaged. Green v. Commissioner,78 T.C. 428, 433 (1982), revd. on other grounds 707 F. 2d 404 (9th Cir. 1983); Curphey v. Commissioner,73 T.C. 766 (1980). To determine the principal place of business *223 within the meaning of section 280A(c)(1)(A) the court must ascertain the "focal point" of a taxpayer's business activities. Jackson v. Commissioner,76 T.C. 696, 700 (1981); Baie v. Commissioner,74 T.C. 105, 109 (1980). We have consistently held that the "focal point" of a professor's or instructor's activities would be the college or school where he or she teaches. [6] This is true even though the teacher spends more time in the home office than in the classroom, [7] and even though the employer provides inadequate office space. [8]
*224 In the instant case, we must conclude that the focal point of Rolf's business activities is where he taught; the school or the classroom. The fact that he used his home office to do research, grade papers, and publish does not shift the focal point of his activities from the college to his home office. Storzer v. Commissioner,T.C. Memo. 1982-328. Petitioners' reliance on Drucker v. Commissioner,715 F. 2d 67 (2d Cir. 1983), revg. 79 T.C. 605 (1982), is misplaced. [9] We find Drucker to be distinguishable on its facts from the case herein. In Drucker, a professional musician, employed by the Metropolitan Opera in New York, deducted expenses incurred in connection with his home practice studio. The Metropolitan Opera did not provide any practice facilities and the musician spent more working time in his practice studio at home than anywhere else. The Court of Appeals for the Second Circuit held that the musician's principal place of business was his home practice studio rather than the place where he gives his performances, the Metropolitan Opera in Lincoln Center. The Court, however, characterized the musician's situation *225 to be "a rare situation in which an employee's principal place of business is not that of his employer." It held that in terms of importance the home practice studio was the focal point of the musician's activities and "[T]he place of performance was immaterial so long as the musicians were prepared." Drucker presents an entirely different situation from that of a college professor. In terms of importance, the classroom, not the home office, is the focal point of a teacher's trade or business. Accordingly, we find Drucker is not controlling on the facts of this case, and we hold that petitioners are not entitled to deduct the expenses incurred in maintaining their home office. [10]
*226 To reflect the foregoing and concessions of the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all references to sections shall be to the Internal Revenue Code of 1954, as amended.↩
2. The office consisted primarily of over 360 linear feet of shelving space covering an area of about 25 percent of the apartment's total square footage. There was no partition separating the office from the living quarters. ↩
3. Almost all (95 percent) of the use of the home office, though, was by Rolf.↩
4. Section 280A provides, in pertinent part: (a) General Rule.--Except as otherwise provided in this section, in the case of a taxpayer who is an individual * * *, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. * * * (c) Exceptions For Certain Business Or Rental Use; Limitation On Deductions For Such Use.-- (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) the principal place of business for any trade or business of the taxpayer, * * * In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer.↩
5. Petitioners apparently concede that Frances's use of the home office for her teaching is insufficient to qualify for the deductions. Moreover, petitioners failed to present any evidence that the home office was Frances's principal place of business.↩
6. See Wilhelm v. Commissioner,T.C. Memo. 1983-274; Moskovit v. Commissioner,T.C. Memo. 1982-472; Strasser v. Commissioner,T.C. Memo. 1981-523; Cousino v. Commissioner,T.C. Memo. 1981-19, affd. 679 F. 2d 604 (6th Cir. 1982); Weightman v. Commissioner, T.C. Memos. 1981-301 and 1982-674; Chauls v. Commissioner,T.C. Memo. 1980-471↩. 7. Renner v. Commissioner,T.C. Memo. 1984-303; Storzer v. Commissioner,T.C. Memo. 1982-328↩. 8. Renner v. Commissioner,supra;Weissman v. Commissioner,T.C. Memo. 1983-724↩.
9. Because appeal of the instant case would, barring stipulation to the contrary, be to the Court of Appeals for the Second Circuit, we would follow that Court's result in Drucker if that case were substantially identical to the present one. Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F. 2d 985↩ (10th Cir. 1971). 10. Since we find that Rolf's home office was not his principal place of business in connection with his employment at the college we need not decide whether the office was used for the convenience of his employer.↩