T.C. Memo. 1998-366

UNITED STATES TAX COURT

PETER C. LAFAVOR AND SUZANNE LAFAVOR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15158-95.                    Filed October 8, 1998.

Peter C. LaFavor and Suzanne LaFavor, pro sese.

<u>Tracy A. Martinez</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies of $7,175
and $8,072 in petitioners' joint Federal income taxes for 1991
and 1992, respectively.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure. References to petitioner in the singular are to Peter C. LaFavor.

After settlement, the issue remaining for decision is whether certain expenses qualify as deductible home office expenses under section 280A.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

During 1991 and 1992, petitioner traveled to Alaska and Washington State and worked there as a self-employed commercial fisherman. When petitioner was not fishing in Alaska or Washington State, he resided with his family in Afton, Minnesota, where his family resided throughout the year. Petitioner also worked in Minnesota at miscellaneous jobs such as removing snow and delivering packages.

During 1991 and 1992, petitioner owned shares of stock in an S corporation known as Triple L-F/V Bounty, Inc. (Triple). Petitioner, his father, and his brother each owned one-third of the shares of stock in Triple. The only asset of Triple was a fishing boat referred to as the Bounty that petitioner occasionally used in his fishing business in Alaska and Washington State.

During 1991 and 1992, petitioner used one room in the basement of petitioners' home to make phone calls to plan his fishing trips and to negotiate fishing charters of the Bounty. Petitioner used a shed on petitioners' property for storage of petitioner's fishing gear and of records relating to the Bounty. Petitioner also used a garage on petitioners' property to store a family car that occasionally was used in petitioner's fishing business.

Petitioner did not maintain adequate records documenting his activities in his fishing business.

On petitioners' 1991 and 1992 joint Federal income tax returns, petitioners claimed home office deductions of $2,226 and $2,506, respectively, relating to the use of petitioners' basement room, shed, and garage in petitioner's fishing business. In calculating the amount of claimed home office deductions, petitioners treated 100 percent of the basement room and shed and 30 percent of the garage as used for business purposes.

On audit for 1991 and 1992, respondent disallowed in full petitioners' claimed home office deductions.

OPINION

Section 162 generally allows a deduction for ordinary and necessary expenses incurred in carrying on a trade or business. Under section 280A(c)(1)(A), ordinary business expenses relating

to use of any portion of a taxpayer's home are not allowable unless the taxpayer establishes that the portion of the taxpayer's home to which the expenses relate was used exclusively and on a regular basis as the principal place of the taxpayer's trade or business.  Hamacher v. Commissioner, 94 T.C. 348, 353 (1990).  Occasional use of a portion of a taxpayer's home for business purposes will not satisfy the requirements of section 280A(c).  Anderson v. Commissioner, T.C. Memo. 1982-576.

With regard to the principal-place-of-business requirement, the Supreme Court in Commissioner v. Soliman, 506 U.S. 168, 174 (1993), explained that "principal" meant the most important or significant place for business.  Whether the principal-place-of-business requirement is satisfied turns on the relative importance of the business activities performed in the home and the time spent in the home conducting these activities.  Id. at 175.

Petitioner argues that his various fishing activities in petitioners' basement room, shed, and garage qualify under the requirements of section 280A.  We disagree.

The evidence does not establish that petitioner's use of the basement room, the shed, and the garage separately or together qualifies as the principal place of petitioner's fishing business.

The principal place of petitioner's fishing business appears to have been in Alaska and Washington State.  No revenue producing activities were performed in petitioners' home. Petitioners' basement room, the shed, and garage fail to qualify as the principal place of petitioner's fishing business. Arguably, petitioners' shed might qualify under the separate-structure exception of section 280A(c)(1)(C). Petitioner however, has not substantiated the portion of the claimed home office deductions that might be allocable to the shed.

For the reasons stated, we conclude that petitioners are not entitled to the claimed home office deductions under section 280A relating to petitioner's fishing business.

To reflect the foregoing,

Decision will be entered under Rule 155.