HERBERT J. ZURSTADT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zurstadt v. Commissioner
Docket No. 11050-85.
United States Tax Court
T.C. Memo 1986-502; 1986 Tax Ct. Memo LEXIS 103; 52 T.C.M. (CCH) 745; T.C.M. (RIA) 86502; October 6, 1986. Herbert J. Zurstadt, pro se. Kevin M. Flynn, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case was heard pursuant to section 7456(d) of the Code. [1]
Resondent determined a deficiency in petitioner's Federal income tax for the taxable year 1982 in the amount of $605. The issues presented for decision are: (1) whether expenses incurred by petitioner in 1982 are deductible under section 162(a) as ordinary and necessary expenses paid or incurred in carrying on a trade or business, and (2) whether Herbert J. Zurstadt (hereinafter petitioner) is entitled to a home office deduction for the business use of his home. At the time the petition in this case was filed, petitioner resided in Orange, Connecticut. Petitioner and his wife, Betty K. Zurstadt, filed a joint Federal income tax return for 1982. [2]
*105 Petitioner is an engineer and has been continually pursuing this profession since 1946. Since 1963, petitioner worked in research and development of "gas-absorbent thermometers". Petitioner worked on the development of the thermometer in his employment with several different companies. Petitioner worked at Dresser Industries (hereinafter Dresser) from 1970 until he was laid off in December of 1981. Petitioner was not employed by Dresser or any other employer during 1982. The only income received or reported by petitioner in 1982 was severance and vacation pay received from Dresser in the amount of $13,129.86. During the year at issue, petitioner sought reemployment with Dresser, as well as new employment with other companies. In addition, petitioner continued his research and development of gas-absorbent thermometers. Petitioner believed that continued work and development on this type of thermometer would enable him to convince a potential employer of its profitability. Petitioner contends that through his sole proprietorship, Thermetics, he was engaged in an engineering consulting business. Petitioner received no income from Thermetics, and because he believed he was still *106 in the research and development stage, he did not make any attempt to sell his ideas concerning the gas absorbent thermometer during 1982. On Schedule C of his 1982 income tax return, petitioner reported no gross receipts and claimed the following as business deductions: Automobile expenses
34.10
Legal services (patent attorney)
150.00
Office supplies
11.96
Steno services
99.34
Home office depreciation
1,666.50
Home office expenses
[3] 683.75
Respondent disallowed the claimed auto expenses, legal fees, office supplies, and steno services as expenses not incurred in an activity engaged in for profit. Respondent disallowed the home office expenses and the home office depreciation based on the determination that the income requirements of section 280A(c)(5) were not met. First we consider whether petitioner is entitled to claimed business expenses (other than the home office). Section 162(a) allows a taxpayer a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in his trade or business. Deductions are, however, *107 a matter of legislative grace. . Petitioner must qualify under the specific rules and regulations imposed by Congress in order to be allowed business expense deductions. . Respondent's notice of deficiency is presumed correct, and petitioner has the burden of proving it is erroneous. ; Rule 142(a).[4]
Petitioner claimed a total of $295.40 in business expenses for 1982. Although petitioner paid these amounts, he has not produced persuasive evidence that these expenses are ordinary and necessary business expenses paid in his trade or business. Petitioner's overall testimony was ambiguous and conclusory with regard to the circumstances surrounding the claimed expenses. During trial, petitioner admitted the automobile expenses were, in fact, part of his itemized job search expenses. [5] Further, petitioner testified that he did not know whether the office supplies expense related to his *108 job search or business. Petitioner did assert the legal fee and steno service expenses were incurred by him for his business. Since petitioner has failed to establish these payments were ordinary and necessary business expenses and that his activities constituted a trade or business, we sustain respondent's determination on this issue. Rule 142(a); Next we consider the deductibility of expenses for an office in the home. Section 280A(a) provides that "no deduction * * * shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer * * * as a residence." Petitioner contends that he comes within the terms of the exception provided in section 280A(c)(1)(A) which excludes from the general rule those deductions allocable to a portion of the dwelling unit *109 which is exclusively used on a regular basis as the taxpayer's principal place of business for any trade or business of the taxpayer. Petitioner argues that he conducted his engineering consulting business in his home. Based on our finding that petitioner was not engaged in a trade or business and, accordingly, none of the expenditures are ordinary and necessary business expenses under section 162(a), we believe that petitioner would not qualify for a home office deduction under section 280A(c)(1)(A) since that section requires that the taxpayer be engaged in a trade or business. Even if petitioner qualified under the provisions of section 280A(c)(1)(A) he would not be entitled to a home office deduction because of the limitations under section 280A(c)(5) which provides that even if the taxpayer comes within the exception of subsection (c)(1)(A): the deductions allowed * * * by reason of being attributed to such use shall not exceed the excess of- (A) the gross income derived from such use * * * over (B) the deductions allocable to such use which are allowable * * * whether or not such [home office] was so used. Petitioner derived no income from his consulting, and research *110 and development. The only income petitioner received during 1982 was vacation and severance pay from his former employer. [6] In view of the foregoing, even if petitioner were considered to be engaged in a trade or business, his home office deduction, including depreciation, would be disallowed in full. Section 280A(c)(5). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. The issues here presented are attributable solely to the activities of petitioner, Herbert J. Zurstadt, and Betty K. Zurstadt is not a party to this action.↩
3. Petitioner incorrectly claimed his home office expense as an itemized deduction on his return.↩
4. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure.↩
5. Expenses incurred in either seeking or securing new employment within the taxpayer's established field are deductible. . However, based on the record we are unable to determine whether or not these amounts are a duplication of previously allowed expenses and therefore, are disallowed.↩
6. Petitioner's argument that the funds received from Dresser should be taken into account in his sole proprietorship is without merit.↩