21 F.3d 1111
 73 A.F.T.R.2d 94-1781
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas J. BARNES, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70639.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas J. Barnes appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") disallowance of certain business-expense deductions claimed by Barnes for the tax years 1986 and 1987. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482. We review the tax court's conclusions of law de novo and findings of fact for clear error. Betson v. Commissioner, 802 F.2d 365, 367 (9th Cir.1986). We affirm.
 
 
 3
 Barnes contends the tax court erred by finding he was not entitled to a home-office expense deduction for 1986. He contends he was entitled to the deduction because he conducted his business with the objective of realizing a profit. This contention lacks merit.
 
 
 4
 The tax court found that Barnes had conducted his business with a legitimate profit motive and that he was therefore entitled to deduct his ordinary and necessary business expenses. See 26 U.S.C. Sec. 162(a). This fact, however, is not dispositive on the issue of whether Barnes was entitled to a home-office expense deduction for 1986 because such deductions are subject to the exceptions set forth in 26 U.S.C. Sec. 280A. See 26 U.S.C. Secs. 161 & 261;[1] Commissioner v. Idaho Power Co., 418 U.S. 1, 17 (1974).
 
 
 5
 Section 280A provides that under certain circumstances a taxpayer may deduct expenses incurred in connection with a home office. 26 U.S.C. Sec. 280A(c)(1). The deduction is limited, however, to the amount by which the taxpayer's gross income derived from use of the home office exceeds the deductions allowable. Id. Sec. 280A(c)(5)(A) & (B); see Cousino v. Commissioner, 679 F.2d 604, 605 (6th Cir.) (order), cert. denied, 459 U.S. 1038 (1982); Zurstadt v. Commissioner, 52 T.C.M. (CCH) 745 (1986).
 
 
 6
 Barnes testified at trial that he did not receive any income from his consulting business in 1986. Thus, the tax court did not err by finding that Barnes was not entitled to a home-office expense deduction for 1986. See 26 U.S.C. Sec. 280A(c)(5)(A) & (B); Cousino, 679 F.2d at 605; Zurstadt, 52 T.C.M. (CCH) 745.
 
 
 7
 Barnes also contends the tax court erred by finding he was not entitled to deductions for travel and entertainment expenses for 1986 and 1987. This contention lacks merit.
 
 
 8
 Section 274(d) of Title 26 provides that no deduction for travel or entertainment expenses shall be allowed unless the taxpayer substantiates "by adequate records or by sufficient evidence corroborating the taxpayer's own statement" (1) the amount of the expense, (2) the time and place of the expense, (3) the business purpose of the expense, and (4) the business relationship to the taxpayer of the person entertained. 26 U.S.C. Sec. 274(d); see Meridian Wood Prods. Co. v. United States, 725 F.2d 1183, 1188 (9th Cir.1984). A taxpayer is not entitled to deduct travel and entertainment expenses absent proper substantiation. Meridian Wood Prods. Co., 725 F.2d at 1188.
 
 
 9
 The tax court found that Barnes substantiated the amount and time and place of his expenses, but failed to substantiate the business purpose of his expenses. We agree.
 
 
 10
 Barnes testified at trial that he did not maintain an account book, diary, statement of expense, or similar record in which he recorded his travel and entertainment expenses. See 26 C.F.R. Sec. 1.274-5(c)(2)(i) (providing in general that taxpayer shall maintain such document to meet "adequate records" requirement). Moreover, the receipts and cancelled checks Barnes offered into evidence do not indicate the business purpose of those expenditures. Thus, Barnes failed to substantiate by adequate records the business purpose of his travel and entertainment expenses. See 26 U.S.C. Sec. 274(d); 26 C.F.R. Sec. 1.274-5(c)(2)(ii)(b) ("to constitute an adequate record of business purpose ..., a written statement of business purpose generally is required"); Meridian Wood Prods. Co., 725 F.2d at 1188.
 
 
 11
 Barnes also failed to meet the requirements for substantiating his expenses by his own statement corroborated by other evidence. At trial, Barnes testified only in general terms that he traveled to solicit business. Such testimony is not sufficient to meet the substantiation requirements. See 26 C.F.R. Sec. 1.274-5(c)(3)(i) (taxpayer seeking to substantiate by own statement must provide "specific information in detail"). Moreover, Barnes's testimony was not sufficiently corroborated by other evidence in the record. See 26 U.S.C. Sec. 274(d); 26 C.F.R. Sec. 1.274-5(c)(3)(i) & (ii); Meridian Wood Prods. Co., 725 F.2d at 1188.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny Barnes's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3