T.C. Memo. 2015-137

UNITED STATES TAX COURT

EDWINA WAN-WEN LAU, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 6582-13, 6584-13.               Filed July 30, 2015.

Edwina Wan-Wen Lau, pro se.

Jamie A. Schindler and William Lee Blagg, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, Judge:  By two separate notices of deficiency both dated December 17, 2012, respondent determined deficiencies in and additions to tax with respect to petitioner's Federal income tax in the following amounts:[1]

_____

[1]All section references are to the Internal Revenue Code in effect for the

(continued...)

| [*2] | | | Additions to tax | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2008 | $12,196 | $1,793 | $1,674 | $241 |
| 2009 | 5,978 | 460 | 307 | n/a |

FINDINGS OF FACT

Petitioner resided in Florida at the time she filed her petitions. Before filing the petitions in these consolidated cases, petitioner did not submit to respondent tax returns for the tax years at issue, nor had she submitted a tax return for tax year 2007. Pursuant to section 6020(b), respondent prepared substitutes for returns (SFRs) for petitioner's tax years 2008 and 2009. Respondent calculated petitioner's income tax liabilities for 2008 and 2009 by allowing her the standard deduction for an individual whose filing status is single and one personal exemption. Respondent also allowed petitioner a making work pay credit of $400 for tax year 2009.

Tax Year 2008

During tax year 2008 petitioner received the following amounts and types of income: (1) wages of $41,206, (2) nonemployee compensation of $20,757,

---

[1](...continued)
years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*3] (3) interest income of $129, and (4) dividend income of $1. Petitioner had total withholdings during tax year 2008 of $4,225, and she did not make any additional payments with respect to her 2008 Federal income tax liability.

After the petition relating to tax year 2008 was filed, petitioner provided to respondent's counsel a copy of a signed 2008 Form 1040 U.S. Individual Income Tax Return. Petitioner reported her wages, nonemployee compensation, interest income, and dividend income on the signed 2008 Form 1040, although she mischaracterized the dividend income as interest income. On a Schedule C, Profit or Loss From Business, attached to the signed 2008 Form 1040, petitioner claimed a deduction of $11,433 for various expenses relating to her freelance graphic design business, including car and truck expenses, depreciation and section 179 expenses, office expenses, repairs and maintenance expenses, supplies expenses, and expenses related to travel, meals, and entertainment. On a Form 4562, Depreciation and Amortization, attached to the signed 2008 Form 1040, petitioner described the property being depreciated or deducted under section 179 as software, "all other assets", and five-year property subject to depreciation under the modified accelerated cost recovery system. Petitioner also attached a Form 8829, Expenses for Business Use of Your Home, on which she claimed a home office expense deduction of $6,200 for tax year 2008.

**[*4]** <u>Tax Year 2009</u>

During tax year 2009 petitioner received the following amounts and types of income: (1) wages of $41,930, (2) nonemployee compensation of $5,464, and (3) interest income of $13. Petitioner had total withholdings during tax year 2009 of $3,934, and she did not make any additional payments with respect to her 2009 Federal income tax liability. After the petition relating to tax year 2009 was filed, petitioner provided to respondent's counsel a copy of a signed 2009 Form 1040. Petitioner reported the wages, nonemployee compensation, and interest income on the signed 2009 Form 1040. Petitioner attached to the signed 2009 Form 1040, a Schedule C on which she claimed a deduction of $5,376 for expenses relating to her freelance graphic design business, including car and truck expenses, supplies expenses, Internet service expenses, cell phone service expenses, and expenses related to meals and entertainment. Petitioner also attached a Form 8829 on which she claimed a home office expense deduction of $6,147 for 2009.

<u>Petitioner's Bank Records</u>

Petitioner submitted to the Court her personal checking account records for 2008 and 2009, which she claims substantiate expenditures relating to her freelance graphic design business during 2008 and 2009. Some of the entries are highlighted, but it is unclear from the record whether these highlighted entries are

[*5] intended to denote business expenses. Most of the debited entries are for expenses that are normally considered to be personal in nature, including meals at various restaurants, purchases at gas stations, liquor or wine store purchases, and purchases at retail stores such as Saks Fifth Avenue and Shoes.com. Petitioner did not submit any other records to the Court.

Issues

The parties agree as to the amounts of wages, nonemployee compensation, interest income, and dividend income that petitioner received in tax years 2008 and 2009. Gross income includes all income from whatever source derived, including the types of income petitioner received during tax year 2008. Sec. 61(a)(1), (2), (4), (7). Accordingly, petitioner must include these amounts in her gross income for tax years 2008 and 2009. Further, the parties agree that petitioner is liable for self-employment tax for her nonemployee compensation for tax years 2008 and 2009 and is entitled to a corresponding deduction for one-half of such self-employment tax. See secs. 1401, 1402, 164(f). Additionally, the parties agree that petitioner is entitled to the standard deduction and one personal exemption for each of tax years 2008 and 2009 as well as the making work pay credit for tax year 2009. See secs. 63(c), 151, 36A.

**[*6]** Following the parties' concessions in the stipulation of facts, the only remaining issues for decision are whether petitioner is: (1) entitled to the expense deductions claimed on the Schedules C attached to the signed Forms 1040 for tax years 2008 and 2009; (2) liable for the addition to tax under section 6651(a)(1) for tax years 2008 and 2009; (3) liable for the addition to tax under section 6651(a)(2) for tax years 2008 and 2009; and (4) liable for the addition to tax under section 6654 for tax year 2008. All other issues are computational.

OPINION

I.     Burden of Proof

The Commissioner's determination as to a taxpayer's tax liability is generally presumed correct, and the taxpayer bears the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must comply with specific requirements for any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. at 440. Taxpayers must also maintain adequate records to substantiate the amounts of any credits and deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

**[\*7]**   Generally, the Commissioner bears the burden of production with respect to any penalty or addition to tax.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  To meet that burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty or addition.  Higbee v. Commissioner, 116 T.C. at 446.  However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalty or addition is inappropriate.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-449.

II.    Schedule C Deductions

A.    General Business Expenses

Section 162(a) allows as a deduction all ordinary and necessary expenses paid or incurred in carrying on any activity that constitutes a trade or business.  To be "ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. du Pont, 308 U.S. at 495.  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. at 113.  Additionally, for a deduction under section 162, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs.

**[\*8]** In general, taxpayers may not deduct personal, living, or family expenses. Sec. 262(a).

Generally, a taxpayer must keep records sufficient to establish the amounts of income, deductions, credits, and other items reported on his or her Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. If a taxpayer is able to establish that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the expense, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). This is commonly referred to as the Cohan rule. However, in order for us to apply the Cohan rule, the taxpayer must present sufficient evidence to provide us with some basis upon which an estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985) (citing Williams v. United States, 245 F.2d 559 (5th Cir. 1957)).

The Court is not permitted to use the Cohan rule for certain categories of expenses. Sec. 274(d); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Generally, no deduction is allowed for expenses related to travel, meals and entertainment, gifts, or listed property unless the taxpayer properly substantiates by adequate records: (1) the amount of the expense; (2) the time and place of the expense; (3) the business purpose of the

[*9] expense; and (4) in the case of entertainment, the business relationship between the taxpayer and the person being entertained. Sec. 274(d). For tax years 2008 and 2009, listed property includes passenger automobiles; any property of a type generally used for purposes of entertainment, recreation, or amusement; any computer or peripheral equipment; any cellular telephone or similar telecommunications equipment, and any other property of a type specified by regulation. Sec. 280F(d)(4)(A) (as amended by the Small Business Jobs Act of 2010, Pub. L. No. 111-240, sec. 2043, 124 Stat. at 2560). Deductions for the types of expenses listed in section 274(d) are disallowed in full unless the taxpayer can satisfy all of the section 274(d) substantiation requirements. Sanford v. Commissioner, 50 T.C. 823 at 827-828.

Among the expenses petitioner reported for tax year 2008 and 2009 are car and truck expenses, office expenses, repairs and maintenance expenses, supplies expenses, Internet service expenses, cell phone service expenses, and expenses related to travel, meals, and entertainment. At trial she stated that the computer on which she stored records of business expenses had crashed and that receipts she had stored in a non-climate-controlled area had disintegrated. The only records petitioner submitted to substantiate these expenses were her personal checking account statements from 2008 and 2009 with certain expenses highlighted.

[*10] Petitioner testified at trial that the expenses were related to a business she was operating, but the burden of proof is on petitioner to show that the reported expenses are deductible. A broad statement that she was operating a business is insufficient to satisfy her burden.

Petitioner did not attempt to explain how any of the highlighted checking account entries were for ordinary or necessary business expenses, and it is difficult to believe that certain of the purchases, such as those made at Saks Fifth Avenue or Shoes.com, are directly connected with or pertain to petitioner's trade or business as required by section 1.162-1(a), Income Tax Regs. Most of the highlighted entries appear to be for the types of expenses or listed property for which further documentation is required under section 274(d). Petitioner did not substantiate the business purpose of these expenses or in the case of meals and entertainment expenses, the business relationship between herself and the person being entertained. See sec. 274(d). Petitioner has not shown a nexus between these expenses and her graphic design business. Accordingly, petitioner has failed to establish the deductibility of the expenses reported for tax years 2008 and 2009, including car and truck expenses, office expenses, repairs and maintenance expenses, supplies expenses, Internet and cell phone service expenses, and travel, meals and entertainment expenses.

**[\*11]** B.　　Depreciation and Section 179 Expenses

Section 167(a) allows a taxpayer a depreciation deduction for the exhaustion, wear and tear, or obsolescence of property used in a taxpayer's trade or business or of property held for the production of income.  Section 179(a) allows a taxpayer a deduction for the cost of certain types of property for the year they are placed in service.  Section 179 property includes section 1245 property which is acquired by purchase for use in the active conduct of a trade or business that is either (1) tangible property to which section 168 applies or (2) computer software.  Sec. 179(d)(1).  To substantiate entitlement to a depreciation deduction, a taxpayer must show that the property was used in a trade or business and must establish the property's depreciable basis by substantiating the property's cost, useful life, and any previously allowable depreciation.  Cluck v. Commissioner, 105 T.C. 324, 337 (1995).

Petitioner claimed a deduction for depreciation and section 179 expenses for tax year 2008 of $1,442.  Petitioner offered no testimony or records as to the type of property purchased or being used in her trade or business.  Nor did petitioner establish the property's depreciable basis by substantiating its cost, useful life, or any previously allowed depreciation.  Accordingly, petitioner's claimed deduction for depreciation and section 179 expenses is disallowed.

**[*12]** C.      Home Office Expenses

Section 280A(a) generally disallows deductions attributable to use of a dwelling unit by a taxpayer as a residence during the taxable year.  Section 280A(c)(1)(A) and (B) provides that a taxpayer may deduct expenses allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer or a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of the trade or business.  The "exclusive use" requirement of section 280A(c)(1) is an "all-or-nothing standard".  Hamacher v. Commissioner, 94 T.C. 348, 357 (1990).

Petitioner bears the burden of proving entitlement to a home office expense deduction, but she has failed to produce any testimony or documentary evidence that she used a portion of her dwelling unit exclusively for business purposes.  Accordingly, petitioner is not entitled to deductions for expenses for tax years 2008 and 2009 for use of a home office.

III.    Additions to Tax

Section 6651(a)(1) provides for an addition to tax for failure to timely file unless it is shown that the failure is due to reasonable cause and not due to willful neglect.  Similarly, section 6651(a)(2) provides for an addition to tax for failure to

**[*13]** timely pay the amount shown as tax on any return unless it is shown that the failure is due to reasonable cause and not due to willful neglect. Section 6654(a) imposes an addition to tax on individuals who fail to make estimated tax payments.

Respondent has satisfied his burden of production under section 6651(a)(1). Petitioner did not file timely income tax returns for the two tax years in issue, nor did she offer any reasonable cause for failing to do so. Her later submission of signed Forms 1040 to respondent's counsel does not negate her earlier failure to file timely tax returns for tax years 2008 and 2009. Consequently, petitioner is liable for the addition to tax under section 6651(a)(1) for tax years 2008 and 2009.

Respondent prepared SFRs for the two tax years at issue in accordance with his authority under section 6020(b), and petitioner did not pay the amounts shown as due. See 6651(g)(2); Cabirac v. Commissioner, 120 T.C. 163, 170-173 (2003). The returns respondent prepared met the requirements for SFRs under section 6020(b). See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). Accordingly, respondent has satisfied his burden of production under section 6651(a)(2). Additionally, the signed Forms 1040 for tax years 2008 and 2009 that petitioner submitted to respondent are not relevant in calculating the section 6651(a)(2) additions to tax because the SFRs are treated as

[*14] the returns filed by petitioner for purposes of determining the amounts of the additions to tax under section 6651(a)(2). See sec. 6651(g)(2). Petitioner has not offered any arguments alleging reasonable cause for failure to pay the amounts shown as due on the returns and so is liable for the additions to tax under section 6651(a)(2) for tax years 2008 and 2009.

Under section 6654(d)(1)(B), a taxpayer is obligated to make a required annual payment equal to the lesser of (1) 90% of the tax shown on the return for the taxable year (or if no return is filed, 90% of the tax for such year), or (2) 100% of the tax shown on the return of the individual for the preceding taxable year. Since petitioner did not file a tax return for tax year 2007, the required annual payment under section 6654(d)(1)(B) is 90% of the tax owed for tax year 2008. Petitioner's late-signed and submitted 2008 Form 1040 does not qualify as "the return" for purposes of section 6654(d)(1)(B). Respondent has established that petitioner owed tax for tax year 2008 and that she paid insufficient estimated tax. Respondent has therefore satisfied his burden of production for an addition to tax under section 6654(a). Section 6654 does not contain a general exception for reasonable cause or good faith, and petitioner has not shown that one of the exceptions in section 6654(e) applies. Accordingly, petitioner is liable for the 6654(a) addition to tax for tax year 2008.

**[*15]** In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.