T.C. Summary Opinion 2016-56

UNITED STATES TAX COURT

DIANA C. CZEKALSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7061-15S.                    Filed September 15, 2016.

Diana C. Czekalski, pro se.

<u>David M. Carl</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $7,147 in petitioner's Federal income tax for 2011 and an accuracy-related penalty of $1,429 pursuant to section 6662(a). Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioner resided in California.

After concessions,[2] the issues remaining for decision are whether petitioner is (1) entitled to deductions for medical expenses and unreimbursed employee business expenses in excess of amounts respondent allowed[3] and (2) liable for an accuracy-related penalty under section 6662(a).

---

[1](...continued)
Code (Code), as amended and in effect for 2011, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]The parties agree that petitioner is entitled to a deduction of $975 for charitable contributions.

[3]Respondent allowed petitioner deductions for medical and dental expenses of $275 and unreimbursed employee business expenses of $1,078 (the latter amount representing petitioner's union dues paid in 2011).

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

I. Petitioner's Background and Employment

Petitioner immigrated to the United States from the Philippines in 1982. Before moving to the United States, she obtained a master's degree in physical education from the University of the Philippines.

Petitioner has been employed by the Hayward Unified School District (Hayward USD), part of the California public school system, for 31 years as an adapted physical education teacher. Her primary responsibilities include planning, developing, and implementing physical education programs for students with special needs.

On an average day, petitioner drove her personal vehicle from her home to several schools where she used specialized physical education equipment, portable sound systems, and other devices (which she transported in her car) to engage students with special needs in appropriate physical education activities. At the end of the day, petitioner returned home where she prepared various reports (e.g., progress and time and attendance reports) that she submitted to Hayward USD. In

2011 petitioner was the sole adapted physical education teacher in Hayward USD, and she instructed as many as 96 students weekly.

II. Petitioner's Expenses

A. Medical Expenses

Petitioner paid health, dental, and vision insurance premiums of $7,511, $1,353, and $79, respectively, in 2011. She also paid $275 for prescription copays (i.e., expenses not covered by insurance). Although petitioner testified that she paid additional amounts for medical care in 2011, she did not provide any documents or records to substantiate medical expenses beyond those listed above.

B. Vehicle Expenses

Hayward USD reimbursed petitioner for vehicle expenses of $920 in 2011. Petitioner asserted that Hayward USD did not reimburse her for numerous trips that she made to attend meetings to arrange individualized education plans for students. Although petitioner testified that she maintained a mileage log in 2011, she did not produce any mileage records at trial.

C. Educators Conference

In November 2011 petitioner traveled to Long Beach, California, to attend a conference for educators working with children with disabilities. Before the trip, she had been informed by a Hayward USD representative that she would not be

reimbursed for her travel expenses because of budget constraints. Petitioner paid $297 for a two-night hotel stay during the conference. Other than her own handwritten notes, however, petitioner did not produce any records or receipts showing the amounts she paid for meals or travel expenses (e.g., commercial airfare and shuttle service) to attend the conference. Hayward USD reimbursed petitioner for the conference registration fee of $170.

D. Business Use of Home

Petitioner lives in a two-story residence with a two-car garage comprising a total of approximately 1,462 square feet of space. In 2011 petitioner used an upstairs bedroom (80 square feet of space) as an office where she prepared routine reports and performed other administrative tasks related to her work for Hayward USD, and she devoted approximately one-half of her garage (144 square feet of space) to storing physical education equipment owned by Hayward USD. The record includes a letter from Hayward USD acknowledging that since 1996 petitioner has provided storage space in her home for specialized equipment that it owns.

In 2011 petitioner paid approximately $3,420, $876, and $888 for homeowners association dues, utility charges, and trash collection fees, respectively.

E.  Cellular Phone Expenses

Petitioner paid $147 monthly for cellular phone service for four cellular

phones.  Petitioner testified that she used her personal cellular phone

approximately 40% of the time for business purposes.[4]

F.  Other Business Expenses

Petitioner testified that she purchased a number of items for work including

a computer, instructional equipment, clothing, a portable sound system,

prescription sunglasses, and books.  Petitioner did not produce receipts or records

to properly substantiate these purchases.

III.  Employee Reimbursement Policy

Hayward USD maintained an employee reimbursement policy under which

employees normally could request reimbursement for travel, conference

registration, and other expenses.  To be eligible for reimbursement for conference

expenses, employees were  required to submit a preauthorization form and an

estimate of expenses.  Eligible employees were reimbursed at a per diem rate for

---

[4]Although petitioner also paid for a single residential telephone landline and Internet service, the record does not reflect the amount that petitioner paid for these services or the percentage, if any, of her use of these services for business purposes.

meals, and it was not necessary for employees to submit receipts.  On occasion, Hayward USD paid employee expenses directly.

As noted above, Hayward USD reimbursed petitioner for vehicle expenses and for the educators conference registration fee.  She was also reimbursed $89 for membership dues.

IV.  Petitioner's 2011 Tax Return

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2011 reporting wage income of $106,229, total income of $119,133, and an above-the-line deduction of $250 for educator expenses,[5] resulting in adjusted gross income of $118,883.

She attached to her tax return a Schedule A, Itemized Deductions, and claimed various deductions including, in pertinent part, real estate taxes of $2,074, home mortgage interest of $20,442, medical expenses of $13,699 (before the application of the 7.5% limitation prescribed in section 213(a)),[6] and job and miscellaneous expenses of $22,511 (before the application of the 2% limitation

---

[5]Respondent made no adjustment to this item in the notice of deficiency.

[6]Sec. 213(a) was amended in the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, sec. 9013(a), 124 Stat. at 868 (2010) (effective for taxable years beginning after December 31, 2012), to allow a deduction to the extent that eligible medical expenses exceed 10% of adjusted gross income.

prescribed in section 67(a)).  The miscellaneous expenses included unreimbursed employee expenses of $19,533; tax preparation fees of $500; depreciation of $1,083; and investment advisory fees, IRA custodial fees, a safety deposit box fee, and other unspecified expenses totaling $2,478.

Petitioner completed Form 2106, Employee Business Expenses, and reported vehicle expenses of $10,650, parking fees and tolls of $300, travel expenses while away from home of $2,500, other business expenses of $5,683,[7] and meals and entertainment expenses (before the application of the 50% limitation prescribed in section 274(n)(1)) of $800.

In claiming vehicle expenses of $10,650, petitioner elected to use the applicable standard mileage rates,[8] and she reported that she drove two vehicles 9,990 miles each for business purposes in 2011.  Petitioner conceded at trial that she erred in claiming a deduction for vehicle expenses for two vehicles and that she actually drove one vehicle 8,300 miles for business purposes that year.

---

[7]Other business expenses appear to relate to purchases of physical education equipment that petitioner purportedly made in 2011.  There is no documentation in the record to substantiate these expenses.

[8]The Commissioner generally updates the optional standard mileage rate annually.  See sec. 1.274-5(j)(2), Income Tax Regs.; Rev. Proc. 2010-51, 2010-51 I.R.B. 883.  For January 1 through June 30, 2011, the rate was 51 cents per mile.  Notice 2010-88, 2010-51 I.R.B. 882.  For the remainder of the year, the rate was 55.5 cents per mile.  See Announcement 2011-40, 2011-29 I.R.B. 56.

Petitioner explained that the 8,300 miles she claims to have driven for business purposes in 2011 represent an average of the annual number of miles she drove the vehicle over the seven years that she owned it.

Petitioner used TurboTax to prepare her tax return. She acknowledged at trial that tax return preparation fees of $500 that she claimed on Schedule A overstated the cost of the TurboTax software by about $300.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As discussed in detail below, petitioner has not complied with the Code's substantiation requirements, nor has she maintained all required records. Therefore, the burden of proof as to any relevant factual issue does not shift to respondent under section 7491(a). See sec. 7491(a)(1) and (2); Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001).

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer must substantiate expenses underlying

deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

## I. Medical Expenses

Expenses paid during the taxable year for medical care of the taxpayer, not compensated for by insurance or otherwise, are allowed as a deduction to the extent that such expenses exceed 7.5% of adjusted gross income. Sec. 213(a). Expenses for medical care include premiums paid for an insurance policy covering medical care. Sec. 213(d)(1)(D). A taxpayer who claims a deduction under section 213 must "furnish the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in each case." Sec. 1.213-1(h), Income Tax Regs.

Petitioner paid health, dental, and vision care insurance premiums of $7,511, $1,353, and $79, respectively, in 2011. She also paid $275 for

prescription copays (i.e., expenses not covered by insurance).  In the absence of records or receipts showing that petitioner paid additional amounts for medical care in 2011, she is entitled to a deduction for medical expenses to the extent that the items summarized above exceed 7.5% of her adjusted gross income for 2011.

II.  Unreimbursed Employee Business Expenses

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact.  See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).  A deduction normally is not available for personal, living, or family expenses.  Sec. 262(a).

The term "trade or business" includes performing services as an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970).  However, an employee expense is not ordinary and necessary if the employee is entitled to reimbursement from his or her employer.  See Podems v. Commissioner, 24 T.C. 21, 22-23 (1955); Noz v. Commissioner, T.C. Memo. 2012-272.

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction.  Cohan v. Commissioner, 39 F.2d

540, 543-544 (2d Cir. 1930). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985) (citing Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957)).

Section 274(d) prescribes strict substantiation requirements for deductions for expenses related to travel (including meals and lodging), entertainment, and gifts, and with respect to "listed property". Sanford v. Commissioner, 50 T.C. 823, 826-829 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). As relevant here, the term "listed property" includes passenger automobiles. Sec. 280F(d)(4)(A)(i). To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records and documentary evidence which, in combination, are sufficient to establish the amount, date, and business purpose for a covered expenditure or business use of listed property. Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018 (Nov. 6, 1985), provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a

similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. Section 1.274-5(j)(2), Income Tax Regs., provides that the strict substantiation requirements of section 274(d) for vehicle expenses must be met even where the optional standard mileage rate is used. Moreover, the Court may not use the rule established in Cohan v. Commissioner, 39 F.2d at 543-544, to estimate expenses covered by section 274(d). Sanford v. Commissioner, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

For taxable years beginning after December 31, 2009, cellular phones are no longer included in the definition of listed property in section 280F(d)(4), which was amended by the Small Business Jobs Act of 2010, Pub. L. No. 111-240, sec. 2043(a), 124 Stat. at 2560. As a result of this change, cellular phone use is no longer subject to the strict substantiation requirements of section 274(d).

A. Vehicle Expenses

Petitioner did not produce any records of her vehicle expenses (including parking fees and tolls) that would satisfy the strict substantiation requirements of section 274(d). Therefore, on the record presented, we conclude that petitioner is not entitled to a deduction for vehicle expenses, parking fees, or tolls.

B.  Travel, Meals, and Lodging Expenses

Petitioner traveled to the educators conference in November 2011. Although Hayward USD had informed petitioner in advance that she would not be reimbursed for her travel expenses, she did receive reimbursement for the conference registration fee.  Other than her hotel charges of $297, however, petitioner failed to substantiate any expenses, such as airfare and meal expenses, for which she was not reimbursed by Hayward USD.  Consequently, we conclude that petitioner is entitled to a deduction of only $297 for travel expenses.

C.  Other Unreimbursed Employee Expenses

Petitioner claimed a deduction for other unreimbursed employee expenses that she attributed to items that she purchased for her work including electronics, instructional materials, and physical education equipment.  Although she offered some bank records indicating that she made purchases at various retail stores, we are unable to discern from these records that the expenditures in question constitute ordinary and necessary business expenses.  See Vanicek v. Commissioner, 85 T.C. at 743.  Accordingly, respondent's determination disallowing a deduction for other business expenses is sustained.

D.  Business Use of Home

A taxpayer generally is not entitled to deduct any expenses related to a dwelling unit used as a residence during the taxable year.  Sec. 280A(a).  Expenses attributable to a home office are excepted from this general rule, however, if the expenses are allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for the taxpayer's trade or business.  Sec. 280A(c)(1); Lofstrom v. Commissioner, 125 T.C. 271, 277-278 (2005).  If the taxpayer is an employee, the exception under section 280A(c)(1) will apply only if the exclusive use of the space is for the convenience of the taxpayer's employer.  Hamacher v. Commissioner, 94 T.C. 348, 353-354 (1990).  The term "principal place of business" includes a place of business which is used by the taxpayer for the administrative or management activities of any trade or business of the taxpayer if there is no other fixed location of such trade or business where the taxpayer conducts substantial administrative or management activities of such trade or business.  Sec. 280A(c)(1).

Petitioner claims that she is entitled to a deduction for the business use of her home.  On the record presented, we conclude that petitioner used two spaces in her home (a small office and a portion of her garage--approximately 15% of her living space) on a regular and exclusive basis to conduct administrative and

management activities related to her work and for the convenience of her employer, Hayward USD. Given the nature of petitioner's employment, there was no other fixed location where petitioner was able to conduct these activities.

Petitioner established that she paid approximately $3,420, $876, and $888 annually for home owner's association dues, utility charges, and trash collection fees, respectively.[9] Accordingly, we conclude (subject to the limitation of section 280A(c)(5), if applicable) that petitioner is entitled to a deduction of $778 for the business use of her home (i.e., 15% of the total of the expenses listed above).

E. Cellular Phone Expenses

Petitioner paid $147 monthly for cellular phone service for four cellular phones. Petitioner testified credibly that she used one of the cellular phones approximately 40% of the time for business purposes. Although the record is unclear as to the precise allocation of the monthly charges, there is sufficient evidence to justify dividing the charges equally among the four cellular phones.

As previously mentioned, cellular phone use is no longer subject to the strict substantiation requirements of section 274(d). On this record, we conclude that

---

[9]For the sake of completeness, we note that we have not included among these expenses the property taxes and mortgage interest that petitioner paid in respect of her residence in 2011 because she claimed and was allowed deductions for those expenses on Schedule A, lines 6 and 10, respectively.

petitioner is entitled to a deduction of $176 (representing 40% of the annual charges for one cellular phone) for the business use of her cellular phone during the year in issue.

F. Depreciation and Other Itemized Expenses

Section 167(a) allows a depreciation deduction for exhaustion, wear and tear, and obsolescence of property if the taxpayer uses such property in a trade or business or other income-producing activity. Sec. 1.167(a)-1(a), Income Tax Regs. Section 168(a) provides the general rule that the depreciation deduction authorized by section 167(a) for any tangible property shall be determined by using (1) the applicable depreciation method, (2) the applicable recovery period, and (3) the applicable convention.

Petitioner failed to identify the equipment underlying the deduction for depreciation that she claimed on her tax return. It follows that respondent's determination disallowing a deduction for depreciation is sustained.

G. Tax Return Preparation Fees

Petitioner conceded at trial that the deduction of $500 that she claimed for tax return preparation fees was overstated. Although petitioner testified that she used TurboTax software to prepare her tax return, there is no evidence in the record as to the amount she paid, if any, for the software. On this record, we are

unable to estimate the amount of an allowable deduction and instead must sustain respondent's determination disallowing the deduction in its entirety.

### H. Investment Advisory, IRA Custodial, and Safe Deposit Box Fees

Petitioner claimed a deduction for investment advisory, IRA custodial, and safe deposit box fees. She failed, however, to offer any documents or records to substantiate these expenses. It follows that respondent's determination disallowing a deduction for these expenses is sustained.

## II. Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty equal to 20% of the amount of any underpayment of tax that is attributable to, among other things: (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). An understatement means the excess of the amount of the tax required to be shown on the tax return over the amount of the tax imposed which is shown on the tax return, reduced by any rebate. Sec. 6662(d)(2)(A). An understatement is substantial in the case of an individual if the amount of the understatement for the

taxable year exceeds the greater of 10% of the tax required to be shown on the tax return or $5,000. Sec. 6662(d)(1)(A).

With respect to an individual taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Id. at 447; see Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Id. para. (b)(1).

Respondent discharged his burden of production as to negligence under section 7491(c) by showing that petitioner failed to keep adequate records or properly substantiate expenses underlying many of her claimed deductions. See sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, it appears that Rule 155

computations will show that petitioner substantially understated her income tax liability for the year in issue.

Petitioner did not offer a defense to the imposition of an accuracy-related penalty other than to assert that she is not well versed in tax matters and made a mistake in attempting to prepare her tax return without assistance. On this record, we cannot say that petitioner had reasonable cause with respect to her negligence or any understatement, and, therefore, respondent's determination that she is liable for an accuracy-related penalty under section 6662(a) is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.